UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE NOVAK,

       Plaintiff,

v.

Case No. 11-14550
Honorable Patrick J. Duggan

MICHIGAN DEPARTMENT
OF CORRECTIONS, DEBRA SCUTT,
LARRY McMILLAN, INSPECTOR ISARD,
TRACY CRAWFORD, and
INSPECTOR CAMPBELL,

       Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### Introduction

Plaintiff Theodore Novak ("Plaintiff"), a Michigan prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks a declaratory judgment and money damages for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges the torts of negligence and intentional infliction of emotional distress.

In the caption of his Complaint, Plaintiff names the Michigan Department of Corrections ("MDOC") as a defendant and the following MDOC employees at the G. Robert Cotton Correctional Facility: Warden Debra Scutt, Grievance Coordinator Larry McMillan, Inspectors Isard and Campbell, and Administrative Assistant Tracy Crawford.

In the body of his Complaint, Plaintiff also names Patricia Caruso and Dennis Straub as defendants. Caruso was MDOC's Director and Straub was its Deputy Director at all relevant times.

Plaintiff alleges in his Complaint that, on September 9, 2009, he pursued a grievance regarding his First Amendment right to receive the Prison Legal News and a newsletter from an organization that advocates on behalf of prisoners. Plaintiff alleges that Defendant McMillan did not provide a timely response to his grievance and that Plaintiff received no response to his grievance at steps two and three of the grievance procedure.

On February 2, 2010, Plaintiff filed a grievance regarding the denial of medical attention. The grievance alleged that a physician failed to renew Plaintiff's prescription for medication, which Plaintiff needed to treat his enlarged prostate. Plaintiff received no response to his grievance.

On February 16, 2010, Plaintiff filed two grievances alleging retaliation and deliberate indifference. Plaintiff received no response to his grievances from Defendants McMillan, Caruso, Straub, or any other MDOC employee.

On March 4, 2010, Plaintiff submitted a grievance to Defendant Crawford. He did not receive a response to that grievance or to numerous other grievances. Plaintiff claims that Defendants' lack of a response to his grievances constitutes a violation of his right to due process and his right to be free from cruel and unusual punishment.

**Standard Review**

Plaintiff has been granted permission to proceed without prepayment of the fees and costs for this action. An indigent prisoner's civil rights complaint may be dismissed if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555-56, 127 S. Ct. at 1955). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

3

that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

## Discussion

The Court begins its discussion by noting that Plaintiff has no right to relief from the MDOC, because the State of Michigan and its Department of Corrections enjoy absolute immunity from suit under the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057 (1978) (*per curiam*); *see also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . .." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

Plaintiff also has no right to relief from the individual defendants. In his Complaint, Plaintiff alleges that Defendants have not responded to his grievances. Prisoners have an undisputed First Amendment right to file nonfrivolous grievances against prison officials. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). But allegations that correctional officers ignored a prisoner's grievances or that the prison grievance procedure is inadequate fail to state a claim under § 1983 because "there is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cnty. Sheriff's Dep't.*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *see also Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (stating that a complaint regarding the denial of a grievance

4

appeal fails to state a claim). For this reason, Plaintiff has no right to relief from the individual defendants identified in his Complaint.

### Conclusion and Certification under 28 U.S.C. § 1915(a)(3)

For the reasons discussed above, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant that is immune from such relief. The Complaint therefore is subject to summary dismissal pursuant to 18 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Section 1915 states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The statute further provides, however, that prisoners must pay the full filing fee for their civil actions and appeals. 28 U.S.C. § 1915(b)(1). The Sixth Circuit Court of Appeals has asked district courts to make a certification under § 1915(a)(3) in all cases filed by prisoners to assist the appellate court in reviewing an appeal under § 1915(e)(2)(B). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). "Failure to issue a § 1915(a)(3) certification may result in a remand." *Id*. Plaintiff's allegations fail to state a claim for which relief may be granted and thus the Court concludes that any appeal would not be taken in good faith.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

**IT IS FURTHER ORDERED**, that any appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

| | |
|---|---|
| Date:  November 28, 2011 | <u>s/PATRICK J. DUGGAN</u><br>UNITED STATES DISTRICT JUDGE |

Copy to:

Theodore Novak, #251175
G. Robert Cotton Correctional Facility
3510 N. Elm Road
Jackson, MI 49201